Roy WILIDRA, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 05–4270.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 18, 2007.

Filed Jan. 24, 2007.

Helen Wang, Cherry Hill, NJ, for Petitioner.

Robert J. Wiggers, Robert B. Nicholson, United States Department of Justice Ap-

pellate Section, Richard M. Evans, Paul Fiorino, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before SLOVITER, RENDELL, and CUDAHY,* Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Roy Wilidra has filed a petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ") rejecting his petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

Wilidra, an ethnic Chinese, was born in Indonesia and is an Indonesian citizen. He attended Trisakti University in Jakarta, Indonesia and has the equivalent of a Bachelor's Degree which, he stated is denominated as a degree in economics but is more like accounting. He entered the United States in 2002 to pursue further studies but never matriculated, explaining that his family had financial problems. When the Government charged him with removal, he requested asylum, withholding of removal, and protection under the CAT.

Asylum may be granted to an applicant who proves that s/he is a "refugee" as defined by the Immigration and Nationality Act § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). A refugee is, among other things, an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opin-

ion." 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that his or her fear is genuine. *Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir.2003). Second, the applicant must show, objectively, that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." *Id.* To satisfy the second prong, the petitioner must show that s/he would be individually singled out for persecution or demonstrate that "there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion...." *Lie v. Ashcroft,* 396 F.3d 530, 536 (3d Cir.2005) (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)).

■ The IJ held a hearing on Wilidra's asylum application at which Wilidra testified. Although he claims that he experienced discrimination as an ethnic Chinese "since childhood," App. at 32, his claim of persecution is focused upon his participation on May 12, 1998, in a protest march of 5,000 university students on the Parliament building. He testified that he was beaten by the police, who stopped the students from going toward the government buildings. He conceded that the police also beat native Indonesian students.

Wilidra also testified that he had witnessed the May 13, 1998 Jakarta race riots in which native Indonesians attacked ethnic Chinese Indonesians and non-Muslims. The rioters burned his car, tried to enter his home, and tried to rob his home. He referred to several other incidents, one in

---

* Hon. Richard D. Cudahy, United States Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The United States has withdrawn its objection to jurisdiction, and thus we confine our discussion to the merits of Wilidra's petition.

2000 when groups of Pygmies extorted money from the Chinese residents who lived in the complex where he lived, and another incident in 2001 when he was robbed while he was taking public transportation because he no longer had his vehicle, and nobody helped him even though there were witnesses who observed the robbery because most of the passengers on the bus were native Indonesians. He stated these criminal incidents occurred frequently and the occurrence of such incidents is one of the reasons that caused him to leave Indonesia.

However, Wilidra also candidly testified that he left Indonesia because "I wanted better condition and I wanted a better future for myself." App. at 64. He stated that "unstable economic and political conditions are still happening currently [in Indonesia] which may cause turmoil in the future if I had stayed there." *Id.* at 65. Although he stated that these conditions caused him specific turmoil because he is ethnic Chinese and Christian, and always became the target of discrimination in his country, he conceded that he was able to go to church but stated that because the church was located next to a mosque there were noises from the loudspeakers which distracted the concentration from the churchgoers.

After a hearing, the IJ denied Wilidra's request for asylum, withholding of removal, and withholding under the CAT. Where, as here, the BIA adopts the opinion of the IJ, we review the decision of the IJ. *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002). The IJ determined that Wilidra had not shown a well founded fear of persecution based on one of the statutory categories. The IJ found that Wilidra's claim based on the one-time incident occurring during the march of 1998 "does not rise to the level of persecution." App. at 7. The IJ further noted that although the

*Country Reports* do show that ethnic Chinese continue to suffer systematic and individual discrimination, as well as harassment, that does not rise to the level of persecution. She explained that "persecution is an extreme concept which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be." App. at 8.

The IJ also noted that although the three incidents that underlie Wilidra's request for relief, i.e. discrimination against ethnic Chinese which began when he was a child, his participation in the mass demonstration in May 1998 and subsequent beating, and his witnessing the riots in May 1998 in which Chinese were targeted by natives, he was unable to plausibly explain why he did not leave the country after those events but voluntarily remained in the country for four years to finish college.

Our review of the record leads us to conclude that Wilidra was forthright in his explanation of the basis for his petition. However, after review of the record we agree with the IJ that the conduct of which Wilidra complains does not rise to the level of persecution.

■ Wilidra has not produced evidence demonstrating past persecution or a well-rounded fear of future persecution. With the exception of the police action during the protest march on May 12, 1998, action that the IJ found "[did] not rise to the level of persecution," App. at 7, Wilidra's evidence showed violence perpetrated by fellow citizens which was not the result of government action or acquiescence. It follows that we have no basis to disturb the BIA's order affirming the IJ's decision that Wilidra is not entitled to asylum, withholding of removal, or protection under the CAT.

For the reasons set forth, we will deny the petition for review.